IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JON CHRIST,

    Plaintiff,               No. 2:11-cv-1156 GEB JFM (PC)

    vs.

S. MCCRAW, et al.,             <u>ORDER AND</u>

    Defendants.           <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint, filed in the Santa Clara County Superior Court and removed to federal court by defendant McCraw. Plaintiff claims that defendant McCraw violated his rights under the First, Eighth and Fourteenth Amendments by touching plaintiff inappropriately during a clothed body search, ordering plaintiff not to move after plaintiff complained, and then repeating the inappropriate contact. Plaintiff also claims that defendant McCraw retaliated against him by causing him to be placed in administrative segregation and requesting that plaintiff be transferred to another institution. This matter is before the court on defendant McCraw's motion to dismiss pursuant to Fed. R. Civ. P. 12. Defendant McCraw contends that plaintiff failed to exhaust administrative remedies prior to

/////

suit, that plaintiff has failed to state a claim upon which relief may be granted, and that defendant is entitled to qualified immunity. Plaintiff opposes the motion.[1]

Defendant first contends that plaintiff failed to exhaust administrative remedies for any of the claims on which this action is proceeding prior to filing the action.

> "Section 1997e(a) of Title 42 of the United States Code provides:
> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200. Defendants have the burden of proving that plaintiff failed to exhaust available administrative remedies. See Wyatt, 315 F.3d at 1120.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a

/////

/////

---

[1] Plaintiff filed his opposition on June 29, 2011. On July 8, 2011, defendant filed a reply. On July 25, 2011, plaintiff filed a document styled as an objection to defendant's reply, to which is attached several documents. Good cause appearing, the July 25, 2011 objection is construed as a supplemental opposition and the court has considered all of the evidence attached thereto in making these findings and recommendations. After consideration of all of the evidence tendered by both parties, the court finds that the facts relevant to disposition of defendant's motion to dismiss for failure to exhaust administrative remedies are undisputed. For that reason, it is not a prerequisite to disposition of the instant motion that plaintiff receive the advisements required by Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1  regional parole administrator, and the third level, in which review
   is conducted by a designee of the Director of the Department of
2  Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

3  Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

4           In support of the motion to dismiss, defendant McCraw has presented evidence
5  that on March 29, 2010, plaintiff submitted an inmate grievance concerning the events
6  complained of in this action. Ex. A to Declaration of Cervantes in Support of Defendant's
7  Motion to Dismiss (Cervantes Declaration), filed June 7, 2011. In a memorandum dated May 25,
8  2010 and signed on May 28, 2010, plaintiff's grievance was partially granted at the first level of
9  review in that an inquiry into the allegations was conducted. Ex. B to Cervantes Declaration at 2.
10 Upon completion, the reviewer concluded that "[s]taff did not violate CDCR policy." Id. The
11 first level decision specifically informed plaintiff of his appellate rights within the administrative
12 review process. Id. Plaintiff did not pursue the grievance to any higher level of administrative
13 review. See Cervantes Declaration at ¶ 8.

14          It is undisputed that plaintiff did not pursue his from the unwanted touching
15 beyond the first level of administrative review. Plaintiff did subsequently pursue to the final
16 level of review a grievance that he had been placed in administrative segregation in retaliation for
17 the complaint he had previously made against defendant McCraw for alleged sexual misconduct.
18 See Memorandum dated April 27, 2011, appended to plaintiff's supplemental opposition, filed
19 July 25, 2011. That grievance was inadequate to exhaust administrative remedies for the
20 retaliation claim at bar because it was not resolved until April 27, 2011, over six months after
21 plaintiff filed his complaint in state court. Cf. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir.
22 2002) (administrative remedies must be exhausted prior to suit).

23          In opposition to the motion, plaintiff contends that the administrative exhaustion
24 requirement of 42 U.S.C. § 1997e(a) does not apply to this action because he originally filed it in
25 state court. This contention is without merit. Section 1997e(a) applies to all actions brought
26 "with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility," not just to such actions commenced in federal court. See Johnson v. Louisiana ex rel. Louisiana Dept. of Public Safety, 468 F.3d 278, 279-80 (5th Cir. 2006).

For the foregoing reasons, this court finds that plaintiff failed to exhaust administrative remedies prior to filing this action and this action must therefore be dismissed without prejudice. See Wyatt, 315 F.3d at 1120. For that reason, the court will not reach the other contentions raised by defendant in the motion to dismiss.

On April 18, 2011 and August 3, 2011, plaintiff filed motions for leave to correspond with third party witnesses, and on July 27, 2011, plaintiff filed a motion requesting that the court order the Solano County Sheriff's Office serve a non-arty witness with interrogatories. In view of the recommendations contained herein, plaintiff's motions will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 18, 2011 motion is denied;

2. Plaintiff's July 27, 2011 motion is denied;

3. Plaintiff's August 3, 2011 motion is denied; and

IT IS HEREBY RECOMMENDED that:

1. Defendant's June 7, 2011 motion to dismiss be granted; and

2. This action be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies prior to suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

1 parties are advised that failure to file objections within the specified time may waive the right to
2 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: November 7, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
chri1156.mtd